454 A.2d 612

**COMMONWEALTH of Pennsylvania**

**v.**

**James Clarence DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1982.

Filed Dec. 30, 1982.

Robert Niels Tarman, Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

This is an appeal from the judgment of sentence, dated July 23, 1981, by Dowling, J., in the Court of Common Pleas Dauphin County. Appellant was found guilty, in a jury proceeding, of one (1) count of possession of a controlled substance in violation of the Controlled Substance, Drug,

Device and Cosmetic Act[1] (hereinafter Act). He was sentenced to a term of imprisonment for not less than two (2) nor more than five (5) years. Post-trial motions were filed and denied. This appeal followed.

On July 14, 1979, two detectives were attempting to serve a warrant and capias on a person frequenting an apartment when one of the detectives saw, through the open door of the apartment, the appellant sitting on a bed moving white powder around on a book with a card. He also noticed a plastic bag between appellant's legs which contained a white powder substance. The bag was confiscated and the substance on the book was brushed into the bag by the detective. Appellant was charged with possession with intent to manufacture or deliver a controlled substance.[2] He admitted to the detectives at the scene, that he was snorting cocaine. The results of a field test were consistent with his statement and he was accordingly so charged. Subsequently, the contents of the bag were tested further by a chemist at the Pennsylvania State Police laboratory. These tests determined that the contents of the bag contained heroin and not cocaine. Accordingly, on March 10, 1980, the Commonwealth filed and was granted a Motion to Amend the complaint from cocaine to heroin.

At trial appellant testified that when he arrived at this apartment there were three other people in the bedroom and the plastic bag was on the bed. He said that he was given a small amount of cocaine by a Spanish man who left shortly after his arrival. He testified that this was what he was snorting when the police arrived and that at no time did he touch the bag on the bed.

On appeal appellant contends that the evidence was insufficient to sustain the verdict. When analysing the sufficiency of the evidence a two-step analysis is required. First, the evidence must be regarded in the light most favorable to the Commonwealth as the verdict winner, accepting as

1. Act of April 14, 1972, P.L. 233, No. 64, § 1; 35 P.S. 780–113(a)(16).

2. At trial appellant was acquitted of possession with intent to manufacture and deliver. He was found guilty only of possession.

true all evidence on which the fact finder could properly have based its verdict. Next, inquiry must be made to determine whether that evidence, together with all reasonable inferences was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Stockard*, 489 Pa. 209, 413 A.2d 1088 (1980); *Commonwealth v. Jones*, 291 Pa.Super. 69, 435 A.2d 223 (1981); *Commonwealth v. Allen*, 287 Pa.Super. 88, 429 A.2d 1113 (1981).

■ Appellant was charged with possession of heroin. This offense requires proof that the substance was in the possession of the appellant and that it was heroin. The Commonwealth proceeded on a theory of constructive possession. To prove constructive possession, two things must be established: 1) the power to control and 2) the intent to exercise that control. *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192 (1968); *Commonwealth v. Samuels*, 235 Pa.Super. 192, 340 A.2d 880 (1975). This type of possession can be inferred from the totality of the circumstances. *Commonwealth v. Carter*, 230 Pa.Super. 236, 326 A.2d 480 (1974).

■ There was conflicting testimony as to the exact location of the plastic bag on the bed. The appellant asserted that the bag was in the middle of the bed. The detective who confiscated the bag stated that it was between the appellant's legs. In evaluating sufficiency of the evidence on appeal all disputed facts are resolved in favor of the Commonwealth, the verdict winner. *Commonwealth v. Conrad*, 285 Pa.Super. 571, 428 A.2d 192 (1981). The other detective observed the appellant with the book in his hands. He also observed him pushing the white powder on the book with a card. This powder was placed in the bag taken from the bed. When this powder was further analysed it was found to be heroin. The chemist's testimony also further contradicted appellant's allegation that the substance on the book was cocaine and that he knew nothing about the bag of heroin.

Q. Now, if there had been cocaine contained in there [the bag], would you have discovered that?

A.  Yes, I would have.

Q.  Did you discover any cocaine?

A.  No, I did not.

Therefore, the jury could infer that the substance being pushed around on the book was heroin. As to the inconsistency between the field test and those in the lab, the chemist testified:

> The initial result for cocaine; that is, a positive test, is due to, number one, the quinine will give you a blue coloration very similar to that which is found with cocaine. . . . That initial test means nothing. It just simply means there is a substance present that will give a reaction, a blue color reaction and it really does not specifically pin down that powder contains quinine or cocaine or whatever. There are numerous, very many substances that will [give] a positive reaction with that chemical reagent. It just indicates that there is something there basically.

Consequently, we find that the Commonwealth met its burden of proving possession of the controlled substance and that the substance was heroin. Accordingly, we hold that the evidence was sufficient to sustain the verdict.

■  Appellant next contends that the court erred in permitting the amendment of the information from cocaine to heroin. Rule 229 of the Pennsylvania Rules of Criminal Procedure [3] provides,

> The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Appellant contends that he was prejudiced by the amendment of the complaint 10 days before trial. He also

3.  Pa.R.Crim.P., Rule 229. Adopted and effective Feb. 15, 1974.

asserts that the amendment to the complaint changed the offense to a greater one.

The purpose of Rule 229 is to insure that a defendant is fully apprised of the charges against him, and to avoid prejudice by prohibiting last minute additions of alleged criminal acts of which the defendant is uninformed. *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166 (1979).

> [T]he courts of this Commonwealth employ the test of whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the charge, then amendment is not permitted.

*Id.* 265 Pa.Super. at 212–213, 401 A.2d at 1175.

In the instant case, appellant alleges that because the amended complaint changed the offense from a Schedule II drug violation (cocaine) to a Schedule I violation (heroin)[4], this was a different offense and therefore did not meet the requirements of *Stanley*. In *Commonwealth v. Kelly*, 487 Pa. 174, 409 A.2d 21 (1979), this court held that a defendant was not prejudiced by a variation between a complaint charging him with possession of a controlled substance, which was erroneously alleged to be heroin, and was proved at trial to be methamphetamine, because possession of either was the same offense under the Act.[5] In addition,

4. Act of April 14, 1972, P.L. 233, No. 64, § 4; 35 P.S. § 780–104.

5. Methamphetamine is a Schedule II offense and it could be argued that in *Kelly* the offense proved was a lesser offense than that charged. However, the fact remains that defenses to possession of either would be the same.

the fact remains, that the amendment neither changed the basic elements of the offense charged nor the factual situation. In *Commonwealth v. Herstine*, 264 Pa.Super. 414, 399 A.2d 1118 (1979), this court discharged a case in which the Commonwealth had amended the complaint to include "second offense" in the description of the crime. The court held that, "since a second offense carries a greater penalty than a first offense, it 'is different in kind and character from a first offense'". (citations omitted) *Id.*, 264 Pa.Superior Ct. at 416, 399 A.2d at 1119. That is not the situation in the case at bar. The penalty for either possession of cocaine or heroin would be the same. *See*, 35 Pa.C.S.A. § 780–113(a)(16). Therefore, we find that the court acted properly in permitting the amendment to the complaint and that no prejudice resulted therein to the appellant.

■ Appellant further contends that the sentence imposed was illegal; that the court failed to state its reasons for the sentence on the record; and that he was denied his right to allocution. The sentence imposed was two (2) to five (5) years imprisonment. The Act specifically states that:

> Any person who violates any of the provisions of clauses ... (15) through (20) of subsection (a) shall be guilty of a misdemeanor, and ... on conviction thereof, be sentenced to imprisonment not exceeding one year ... but, if the violation is committed after a prior conviction of such person for a violation of this act ... has become final, such person shall be sentenced *to imprisonment not exceeding three years*...[6] (emphasis added)

Since appellant has a past conviction for violation of the Act, his term of imprisonment may not exceed three years. Therefore, we find that the sentence imposed exceeds that provided by statute and may not be upheld. This decision renders appellant's further contentions moot.

Judgment of sentence vacated. Remand for resentencing. We do not retain jurisdiction.

6. Act of April 12, P.L. 233, No. 64, § 13; 35 P.S. § 780–113(b).