

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2007

# USA v. Townsend

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Townsend" (2007). *2007 Decisions*. Paper 374.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/374

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1142

UNITED STATES OF AMERICA

v.

RASAN TOWNSEND,
                              Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 05-cr-0051
(Honorable Mary A. McLaughlin)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 27, 2007
Before:  SCIRICA, *Chief Judge*, FUENTES and ALARCÓN*, *Circuit Judges*.

(Filed: September 26, 2007)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

       Rasan Townsend appeals and asks to vacate the judgment of sentence and remand

for further proceedings consistent with the Sixth Amendment's jury-trial requirement.

       *The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

Townsend's counsel filed an *Anders* brief, *Anders v. California*, 386 U.S. 738 (1967), stating that after review, he found no non-frivolous issues to appeal. Consistent with *Anders*, counsel identified the issues that were arguably non-frivolous: whether the evidence was sufficient; whether the district court impermissibly allowed evidence regarding the discharge of the firearm in the street; and whether the district court at sentencing impermissibly made findings regarding the defendant's prior convictions. Townsend filed a pro se brief. We will affirm.

## I.

On September 26, 2004, two plain-clothes Philadelphia police officers heard gunshots while traveling in an unmarked police car in Philadelphia, Pennsylvania. Turning toward the sound of the gunshots, the officers observed defendant Rasan Townsend running with a gun in his hand. The officers gave chase, saw Townsend make a throwing motion and heard a noise they believed to be the gun hitting the ground. The officers pursued and quickly apprehended Townsend. The police officers searched the area where they heard the noise they believed to be the gun hitting the ground and recovered the weapon. Testing revealed the casings fired at the scene matched the casings in the recovered gun.

On February 1, 2005, a grand jury in the Eastern District of Pennsylvania returned a one-count indictment charging Townsend with being a convicted felon in possession of

a firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924(e). A notice of forfeiture was included.  A jury trial ensued.[1]

On July 26, 2005, following a jury trial, Townsend was found guilty of Count One of the indictment (a convicted felon in possession of a firearm.)  The District Court found a total offense level of 33 and an applicable criminal history level of VI, producing a guideline range of 235 to 293 months.  The court also determined, under 18 U.S.C. § 924(e), that Townsend faced a fifteen year mandatory minimum sentence. The District Court sentenced Townsend to 235 months imprisonment, five years supervised release, a $1,500 fine, and a $100 special assessment.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. This appeal is timely.

## II.

In his pro se brief, Townsend focuses on one issue on appeal, contending the District Court should have employed the canon of constitutional avoidance and refrained from imposing a sentence based on facts not submitted to the jury. Townsend contends

---

[1]Townsend and the government entered into a series of stipulations which were read to the jury. Specifically, defendant and the government agreed the handgun found in the alley was a "firearm" within the definition of 18 U.S.C. § 921, the firearm was manufactured outside the Commonwealth of Pennsylvania and was therefore "in or affecting [interstate] commerce" within the meaning of 18 U.S.C. § 922(g), and defendant had been convicted in a court of the United States of a crime punishable by imprisonment for a term exceeding one year within the meaning of 18 U.S.C. § 922(g)(1).

the judicial fact-finding of his prior convictions used to enhance his sentence violated his right to a jury trial. We see no error.

At sentencing, defense counsel objected to the use of defendant's prior convictions at sentencing without a jury finding. As counsel explained at the sentencing hearing, it was necessary to preserve the objection should there be a change in the law. But the law has not changed. Factual determinations of prior convictions need not be determined by a jury. *United States v. Booker*, 543 U.S. 220 (2005); *see Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998) (rejecting petitioner's constitutional claim that his recidivism must be treated as an element of his offense); and most recently in this jurisdiction, *see United States v. Grier*, 475 F.3d 556, 568 (2007) (facts relevant to application of the United States Sentencing Guideline inform the district court's discretion without limiting its authority. They do not constitute "elements" of a "crime" under the rationale of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and do not implicate the rights to a jury trial and proof beyond a reasonable doubt).

We will affirm the judgment of conviction and sentence.[2]

---

[2]We find no merit to the other issues raised in the <u>Anders</u> brief.