**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>    v.<br><br>JAMES PERRY,<br><br>        Defendant - Appellant. | No. 13-50344<br><br>D.C. No. 3:13-cr-00512-LAB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 8, 2014
Pasadena, California

Before:  GRABER, GOULD, and CALLAHAN, Circuit Judges.

Defendant James Perry timely appeals his sentence of 85 months'

imprisonment following his guilty plea to importing cocaine into the United States,

in violation of 21 U.S.C. § 952.  Reviewing de novo the district court's

determination that Defendant qualifies as a "career offender" under U.S.S.G.

§ 4B1.1(a), we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. Title 35 Pennsylvania Consolidated Statutes section 780-113(a)(30) is a divisible statute within the meaning of Descamps v. United States, 133 S. Ct. 2276 (2013). United States v. Abbott, 748 F.3d 154, 158–59 (3d Cir. 2014). The cases cited by Defendant are not to the contrary. See, e.g., Commonwealth v. Davis, 454 A.2d 612, 613 (Pa. Super. Ct. 1982) ("Appellant was charged with possession of heroin. This offense requires proof that the substance was in the possession of the appellant and that it was heroin." (emphases added)). Accordingly, we apply the modified categorical approach. Medina-Lara v. Holder, 771 F.3d 1106, 1112 (9th Cir. 2014).

2. The district court correctly concluded that, under the modified categorical approach, Defendant "has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). Defendant was convicted of violating section 780-113(a)(30) in both 1999 and 2001, and both convictions involved a federally controlled substance. Unlike in cases such as Medina-Lara, 771 F.3d at 1113–15, the relevant documents here are not ambiguous as to the controlled substance. Finally, Defendant's legal arguments are foreclosed by precedent. See United States v. De La Torre-Jimenez, 771 F.3d 1163, 1168–69 (9th Cir. 2014) (rejecting Defendant's interpretation of United States v. Vidal, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc)); United States v. Valdavinos-Torres, 704 F.3d 679,

689 (9th Cir. 2012) (rejecting Defendant's interpretation of <u>Young v. Holder</u>, 697 F.3d 976 (9th Cir. 2012) (en banc)), <u>cert. denied</u>, 134 S. Ct. 1873 (2014).

**AFFIRMED.**