NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3284
_____

RASAN TOWNSEND,

Appellant

v.

WARDEN HAZELTON FCI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-15-cv-05304)
District Judge: Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2018

Before: GREENAWAY, JR., BIBAS, and ROTH, Circuit Judges

(Opinion filed: October 31, 2018)
_____

OPINION*
_____

PER CURIAM

     Rasan Townsend appeals from orders of the District Court denying his habeas

corpus petition, 28 U.S.C. § 2241, and motion for reconsideration, Fed. R. Civ. P. 59(e).

For the reasons that follow, we will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Townsend, a federal prisoner, was convicted in the United States District Court for the Eastern District of Pennsylvania of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). His criminal history included five Pennsylvania convictions for the manufacture, delivery, or possession of a controlled substance with intent to deliver, in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(30), which qualified him as an armed career criminal under 18 U.S.C. § 924(e) and United States Sentencing Guideline § 4B1.1. The sentencing judge calculated Townsend's total offense level as 33, and with a category VI criminal history, Townsend's Guidelines range was 235 to 293 months. The sentencing judge also determined that, under the Armed Career Criminal Act ("ACCA"), he faced a 15-year mandatory minimum sentence and a maximum sentence of life imprisonment. On January 4, 2006, Townsend was sentenced to a term of imprisonment of 235 months. We affirmed the criminal judgment, see United States v. Townsend, 242 F. App'x 885, 886 (3d Cir. 2007), and the sentencing judge denied his motion to vacate sentence pursuant to 28 U.S.C. § 2255, see United States v. Townsend, 2010 WL 5060600 (E.D. Pa. Dec. 10, 2010).[1]

Townsend, who is incarcerated in West Virginia, filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Northern District of West Virginia, which was transferred to the Eastern District of Pennsylvania. In it, he argued that his five Pennsylvania drug convictions lacked the necessary elements to constitute predicate "serious drug offenses" under the ACCA, 18 U.S.C. § 924(e). In an order entered on January 21, 2016, the District Court denied the § 2241 petition on the ground that, even if Townsend could resort to § 2241, his claim was meritless under

_____

[1] We denied Townsend a certificate of appealability in connection with the § 2255 proceedings on May 3, 2011, see C.A. No. 11-1314.

2

<u>United States v. Abbott</u>, 748 F.3d 154, 160 (3d Cir. 2014), wherein we held that, because § 780-113(a)(30) is divisible, sentencing courts may apply the "modified" categorical approach in determining whether a defendant's § 780-113(a)(30) conviction qualified as an ACCA predicate.

Townsend filed a motion for reconsideration, and after a brief stay of the proceedings, the District Court, in an order entered on August 25, 2017, denied reconsideration. The Court concluded that the U.S. Supreme Court's decision in <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), did not abrogate <u>Abbott</u>, citing our decision in <u>United States v. Henderson</u>, 841 F.3d 623, 628 (3d Cir. 2016) ("In light of the Supreme Court's recent decision in <u>Mathis</u>, we find Section 780-113(f)(1) is divisible because it addresses different elements of the offense; not the different means of committing the offense."), <u>cert. denied</u>, 138 S. Ct. 210 (2017).

Townsend appeals. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. <u>See</u> <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

We will affirm. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255(e) of title 28, also known as the "savings clause," provides, however, that an application for a writ of habeas corpus may proceed if "it ... appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). In <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997), we held that the District

3

Court had jurisdiction to hear a prisoner's claim under § 2241 even though he did not meet the gatekeeping requirements of § 2255(h), where an intervening U.S. Supreme Court case rendered the conduct of which he was convicted no longer criminal and where he did not have an earlier opportunity to present his claim. We have not determined whether § 2255(e)'s saving clause is available when a prisoner, like Townsend, argues that an intervening U.S. Supreme Court case renders his career-offender designation invalid, see United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015), and we need not do so here.

The career offender designation under the ACCA is proper where the defendant has at least three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Under the ACCA, a "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii). Courts must apply a categorical approach in determining whether a prior conviction qualifies as a "serious drug offense" under the ACCA. Under this approach, courts look to the statutory definition or elements of the prior offense and not the underlying conduct. Descamps v. United States, 570 U.S. 254, 261 (2013). As a general matter, if the state statute is the same as or narrower than the ACCA definition, the prior offense qualifies as a "serious drug offense" under ACCA. If the statutory definition is categorically broader than the ACCA definition, the offense does not qualify as an ACCA predicate. Id.

4

Nevertheless, if the statute is "divisible," that is, it "comprises multiple, alternative versions of the crime," courts apply the "modified" categorical approach to determine whether the defendant was convicted of a qualifying offense. Id. at 262. Under the "modified" categorical approach, the court may look beyond the elements of the offense, that is, "the court may look beyond the face of the statute to the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented' to determine which of the alternative elements was involved in the defendant's conviction." Abbott, 748 F.3d at 158 (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)).

Townsend contends that the sentencing judge erred because she applied the "modified" categorical approach to an indivisible statute in determining that his drug convictions qualified as ACCA predicates. He contends that § 780-113(a)(30) is indivisible because it simply outlaws possession with intent to distribute a controlled substance and that the punishment for an offense involving a controlled substance is not necessarily 10 years or more, as required by the ACCA.[2] We held in Abbott, however, that the type of drug, insofar as it increased the possible range of penalties, was an element of the crime; thus § 780-113(a)(30) is divisible and sentencing courts may use the "modified" categorical approach. The District Court, applying Abbott, correctly held that the sentencing judge did not err in concluding that Townsend's Pennsylvania drug convictions were "serious drug offenses" under the ACCA on the ground that his drug

_____

[2] The statutory maximum for an offense involving cocaine or crack cocaine is ten years' imprisonment, while offenses involving marijuana and some other substances carry a maximum penalty of less than ten years. 35 Pa. Cons. Stat. Ann. § 780-113(f)(1.1), (f)(2) & (f)(3).

offenses involved cocaine or crack cocaine and that a § 780-113(a)(30) conviction for an offense involving cocaine or crack cocaine is punishable by up to ten years in prison.

Furthermore, as the District Court correctly concluded in denying Townsend's motion for reconsideration, the Supreme Court's decision in Mathis did not undermine Abbott. Mathis, which rejected the sentencing court's use of the "modified" categorical approach, held that, for purposes of applying the categorical approach, a statute is divisible only when it sets forth different elements delineating separate crimes, not when it sets forth different means of committing a single crime. 136 S. Ct. at 2248. We held in Henderson that Mathis did not abrogate Abbott, reaffirming that the different penalties that apply to different substances under the Pennsylvania Controlled Substances Act render § 780-113(a)(30) divisible for purposes of the ACCA. Henderson, 841 F.3d at 628. In Mathis, the Supreme Court outlined three methods for making the elements/means determination, one of which is to ascertain whether state court decisions definitively answer the question. 136 S. Ct. at 2256. In Henderson, we examined state law and held that Pennsylvania courts have definitively determined that the specific type of drug used is an element of the offense, not a means of committing the offense. 841 F.3d at 629. We noted in that case that, in order to find Henderson guilty of possessing heroin in violation of § 780-113(f)(1), "a jury would have to conclude that Henderson, in fact, possessed that specific drug which has been classified as a controlled substance in Schedule I or II by the Pennsylvania General Assembly," and accordingly, those particular controlled substances are "distinct elements of the crime" and not means of committing the crime. Id. Those same considerations apply here. Accordingly, the

6

District Court properly denied Townsend's motion for reconsideration on the basis of Henderson.

Townsend contends in his pro se brief that Abbott and Henderson are not controlling in his case because, at the time he pleaded guilty to the § 780-113(a)(30) offenses in 2001 and 2005, drug type was not an element of the offense. He contends that it became so only after the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). Appellant's Pro Se Brief, at 3-5 ([T]he Federal Court cannot … convert what once was not an element to an element after that decision."). He contends that when he was convicted, the state was only required to prove that he intended to distribute a controlled substance and not a particular drug, and, because not all § 780-113(a)(30) offenses are punishable by ten years' imprisonment, his convictions are not ACCA predicates. Id.

Townsend's contention about Alleyne is wrong, and his contention that drug type was not an element of a Pennsylvania § 780-113(a)(30) offense at the time he was convicted is unsupported by the case law. Townsend cites Commonwealth v. Kelly, 409 A.2d 21 (Pa. Super. Ct. 1979), but Kelly does not hold that drug type is not an element of the offense; it simply held that the variance in that case between the charge and the proof at trial was not so prejudicial as to warrant reversal of Kelly's conviction. Moreover, Kelly involved possession of a controlled substance in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(16), and the penalty for simple possession, a misdemeanor, is the same regardless of the nature of the controlled substance. Kelly, 409 A.2d at 178-79. Townsend also cites Commonwealth v. Davis, 454 A.2d 612 (Pa. Super. Ct. 1982), which held that the trial court did not err in permitting amendment of the charging information

7

from possession of cocaine to possession of heroin, noting that the penalty for possession of cocaine and possession of heroin was the same. Again, this case involved a possession offense in violation of § 780-113(a)(16), and both substances carried the same penalties. Davis, 454 A.2d at 614-15.

In sum, Abbott and Henderson apply to Townsend's case. Section 780-113(a)(30) is divisible because the type of drug involved in the offense, insofar as it increases the possible range of penalties, is an element of the crime. Therefore, the sentencing judge could apply the modified categorical approach to determine that Townsend's prior state drug convictions qualified as ACCA predicates. The sentencing judge's determination that Townsend was a career offender under the ACCA has not been invalidated by subsequent developments in the law, and thus there is no need for application of the § 2255(e) safety clause here.

For the foregoing reasons, we will affirm the orders of the District Court denying Townsend's § 2241 petition and his motion for reconsideration. Appellant's motion to stay the appeal pending the outcome of United States v. Glass, C.A. No. 16-2906 is denied as moot.