J-S68008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN MARK SERVEY :
:
APPELLANT : No. 1618 WDA 2017

Appeal from the Judgment of Sentence May 31, 2017
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000018-2016

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 12, 2018**

John Mark Servey ("Appellant") appeals the judgment of sentence

entered after a jury convicted him of forty-nine counts of sexual offenses

against his step-granddaughter ("the victim"), who was born in February of

1997. We affirm the convictions, vacate the judgment of sentence, and

remand for resentencing.

The trial court summarized the facts and procedural history of this case

as follows:

> [The victim] was seven years old when [Appellant] started
> to sexually abuse her. While she was sleeping, he would pull her
> pajamas and underwear down, sometimes push her knees up, and
> then rub his penis on her vagina. Every time, he would lick and
> put his tongue in her vagina. At trial, [the victim] testified to
> these and the following facts.
>
> [Appellant] sexually abused her in a camper trailer and at
> her grandma's and his home, many times. She remembers some
> times more than others. One day they were at a campsite and

_____

* Former Justice specially assigned to the Superior Court.

were messing with a red radio and he abused her in the camper that night. He shined a square green flashlight on her private area. She recalls him doing it at her grandma's house during holidays, when she was sleeping on the living room floor, because she remembers the Christmas tree and lights and Easter eggs. [Appellant] would never say anything when he was sexually abusing her and she would not say anything because she didn't want him to know she was awake and knew what he was doing. When she would get up in the morning, she would find specks of snuff all over herself. [Appellant] chewed tobacco.

[Appellant] continued sexually abusing her over the next approximately seven years, until her grandma died in 2010. She then stopped going to their house. She recalls he did it 16 times.

[The victim] did not tell anyone in her family about the abuse because she did not want to hurt anyone. [Appellant] was part of her family and was important to her. Her family finally learned about what the [Appellant] had done when [the victim] was eighteen years old. Her younger sister overheard her talking to her boyfriend and then told their mother. That is when it was reported to the police. Before that time, the only other person [the victim] had told was her best friend [B.], when they were in eighth grade. [The victim] and [B.] got mad at each other and did not talk for many years, but when [B.] saw in the news that [Appellant] had been arrested, she messaged [the victim] that she was proud of [the victim] for sticking up for herself.

When this case went to trial, [Appellant's] primary strategy was to challenge [the victim's] credibility through cross examination. He did show that when [Appellant] allegedly abused her on the living room floor, her grandma and sister were sleeping only several feet away. He challenged her recollection of the number of times it happened. He proved that [the victim] was friendly to [Appellant] and sought him out to attend family functions. He showed that many years went by before she reported the abuse to anyone.

[Appellant's] other strategy was to convince the jury [Appellant] was not guilty because he has a good reputation in the community. He presented the testimony of three men who are familiar with his reputation. Otherwise, [Appellant] presented no evidence. He did not testify in his own defense.

. . . The Clarion County jury deliberated and decided the Commonwealth had met its burden of proof on all 49 counts. The jury found [Appellant] guilty of sixteen counts of each of the following offenses: Involuntary Deviate Intercourse [IDSI] with a Child, Aggravated Indecent Assault of a Child, and Indecent Assault and one count of Corruption of a Minor.[1] [The trial court] denied bail pending appeal.

The Commonwealth then sought a finding by the court that [Appellant] is a sexually violent predator. [The trial court] conducted a hearing. Despite having received notice, [Appellant] did not appear or participate in the hearing. [The trial court] concluded from the evidence that the Commonwealth had met its burden of proving [Appellant] is a sexually violent predator.

* * *

[The trial court] sentenced [Appellant] to minimum sentences within the Standard Range of the Sentencing Guidelines on each of the 49 charges. [The trial court] sentenced him to concurrent sentences on each of the sixteen counts of [IDSI]. [The trial court] sentenced him to concurrent sentences on each of the sixteen counts of Aggravated Indecent Assault of a Child, to run consecutively with the sentences on the [IDSI] charges. [The trial court] sentenced him to concurrent sentences on each of the sixteen counts of Indecent Assault, to run consecutively with the sentences on the [IDSI] and Aggravated Indecent Assault of a Child charges. [The trial court] sentenced him on the Corruption of a Minor count, to run consecutively with the sentences on all other charges. The aggregate sentence was 120 to 240 months.

[Appellant] filed Post Sentence Motions and a Supplement to Post Sentence Motions. The attorneys filed briefs in support of their respective positions and [the trial court] heard their oral arguments. [The trial court] issued an Opinion and Order on September 29, 2017, denying [Appellant's] Motions.

Trial Court Opinion, 12/27/17, at 1−3, 4−5.

_____

1 18 Pa.C.S. §§ 3125, 3123(b), 3126(a)(7), 6301(a)(1)(ii), respectively.

Appellant and the trial court complied with Pa.R.A.P. 1925.[2]  On appeal,

Appellant raises five questions for our consideration:

1. Whether the verdict is supported by sufficient evidence, that is, whether the Commonwealth proved all 49 counts of the information beyond a reasonable doubt[?]

2. Whether the verdict is against the weight of the evidence?

3. Whether the trial court should have recused itself and granted [Appellant] a new trial[?]

4. Whether [Appellant's] sentence is illegal[?]

   a. Whether the crimes of IDSI with a child and indecent assault of a child merge for sentencing purposes[?]

   b. Whether the crimes of IDSI with a child and aggravated indecent assault of a child merge for sentencing purposes[?]

   c. Whether [Appellant's] SVP designation is unconstitutional[?]

5. Whether the trial court abused its discretion by sentencing [Appellant] based, in part, upon impermissible factors[?]

Appellant's Brief at 9–11 (full capitalization omitted; issues re-ordered for

ease of disposition).

In Appellant's first issue, he avers that the evidence was insufficient to

support a conviction of all forty-nine charges.  Appellant's Brief at 43.

Specifically, Appellant contends that the Commonwealth failed to prove that:

---

[2] The trial court relies on its October 2, 2017 Order and Opinion, disposing of Appellant's post-sentence motions, as the basis for its analysis of Appellant's Pa.R.A.P. 1925(b) claims.

sixteen instances of assault occurred; the victim was under the age of thirteen; and the assaults occurred on the date alleged in the criminal information. *Id.* at 44–58.[3]

We analyze arguments challenging the sufficiency of the evidence within the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. . . For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quoting *Commonwealth v. Emler*, 903 A.2d 1273, 1276–1277 (Pa. Super. 2006)).

Regarding the sufficiency of the evidence as to the number of incidents, Appellant complains that:

> [the victim] did not *specifically* testify to all 16 alleged instances and did so, as unreliably as her testimony was, as to only one or two instances. Moreover, [the victim] had to be *prodded* to *say* "sixteen". When asked if she could give an exact number or sort

---

[3] Appellant also asserts that the Commonwealth failed to prove aggravated indecent assault of a child in that the victim did not testify as to "lack of consent, compulsion, unconsciousness, lack of awareness, or impairment." Appellant's Brief at 49. However, this claim does not appear in Appellant's Pa.R.A.P. 1925(b) statement. Therefore, we deem it waived. *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998).

of an estimate of the number of times this happened, [the victim] testified "No." [N.T., 10/31/16, at 38–39.] It was only after much leading by the Commonwealth, and her referring to the script prepared in advance of trial . . . that [the victim] affirmed the answer that the Commonwealth sought from her: "Sixteen." [**Id.** at 39–41.]

Appellant's Brief at 44 (emphases in original; footnote omitted). In support of his argument, Appellant suggests that the victim's written statements "speak to the lack of veracity of [her] every-changing story." **Id.** at 45 n.16.

The Commonwealth explains the victim's testimony, as follows:

It is clear from the victim's testimony that this was a frequent occurrence from [age] 7 to when her grandmother died when [the victim] was 13. [The victim] testified that she cannot recall every date and time these assaults happened. [N.T., 10/31/16, at 36.] She was able to use external indicators, such as Christmas tree lights, to place a specific context to certain assaults. Id. at 36–37. A written statement was prepared outlining a total of 16 times that [the victim] could specifically recall the timeframe of the assaults. Id. at 37–41.

The victim was asked if this list of 16 occurrences was a comprehensive list of every time [Appellant] molested her. Id. 37–38. She answered that there were times she did not have "specific dates" for. *Id.* In other words, her testimony was that Appellant molested her more than 16 times, but that she could only specifically describe 16 incidents. She was asked if there were times she was assaulted between [the ages of] seven and twelve. Id. pg. 43. She responded yes. *Id.*

\* \* \*

She then indicated that she wrote a statement for the police detailing those specific incidents she does remember. She was shown the written statement she wrote to the police in order to refresh her recollection about how many times she can specifically point to. She did so and testified there were 16 separate and distinct incidents she had a specific memory of. N.T. 10/31/16 at 39–41.

- 6 -

Commonwealth's Brief at 13, 15–16.

The trial court disposed of this claim with the following analysis:

> [Appellant's first sufficiency] . . . argument is based on the jury's request, during deliberations, to see [the victim's] written statements, which were Commonwealth's Exhibits A and B. The jury presented the following request to the court: "The jury would like to view the exhibits in the case of Commonwealth vs. John Mark Servey, Case 18 of 2016." Upon receiving this message, the court met in chambers with both attorneys. The only exhibits which were referenced during the trial were Commonwealth's Exhibits A and B, but they were not admitted in evidence and [the victim] had not testified about the entire contents of the Exhibits. For those reasons, the court denied the jury's request. N.T. at pp. 108 and 109. [Appellant] argues the fact that the jury requested the Exhibits shows the jury was uncertain whether the testimony of the Commonwealth's witnesses proved [Appellant] was guilty and therefore, the verdict was based on surmise and conjecture.
>
> This argument lacks merit. The jury's message to the court was simple and straight forward [sic]. The jury simply wanted to view the Exhibits. The jury did not indicate why it wanted to view them. The message does not reflect any uncertainty or confusion.

Trial Court Opinion, 10/2/17, at unnumbered 5.

Upon review of the evidence in the light most favorable to the Commonwealth, we reject Appellant's sufficiency claim as to the number of incidents of sexual assault. As the Commonwealth observed:

> The general contents [sic] of the victim's testimony was that from 2004 when she was 7 years old, until when her grandmother died in 2010 she was repeatedly subject[ed] to sexual assaults by [Appellant].
>
> * * *
>
> Appellant wished to paint a picture in which the victim could only recall two or three specific incidents. This is not accurate. It is important to note that the 16 offenses testified to were based simply on incidents in which the victim could put a specific

- 7 -

      timeframe on [sic]. . . The actual number of assaults is far above that number.

Commonwealth's Brief at 12, 13–14. The jury was free to believe the victim's testimony that she could recall sixteen instances of sexual assault. The victim's written statements to the police corroborated her testimony. Because the victim's statements, which were not admitted into evidence, disclosed unrelated events, the trial court denied the jury's request to view them. Trial Court Rule 1925(a) Opinion, 12/27/18, at unnumbered 6; Trial Court Opinion, 10/2/17, at unnumbered 5. Appellant has not challenged that ruling. Thus, we conclude that the evidence at trial, and all reasonable inferences derived therefrom, was sufficient to establish beyond a reasonable doubt that Appellant sexually assaulted the victim on sixteen different occasions.

Appellant's second sufficiency claim concerns proof of the victim's age. According to Appellant, "if one believes the testimony presented by the Commonwealth, one must also believe that some of the 16 alleged instances occurred after [the victim] turned 13 and, then, 14." Appellant's Brief at 46 (emphasis in original). The Commonwealth responds: "[T]he testimony believed by the jury was that the victim was systematically assaulted between the ages of 7 and 12." Commonwealth's Brief at 17. In support of its position, the Commonwealth points to defense counsel's question to the victim about her being seven to twelve years old during the period of sexual assaults, to which she answered, "Yes." *Id.*

The trial court disposed of this sufficiency challenge as follows:

[Appellant] argues that the Commonwealth failed to prove that the victim was less than 13 years of age at the time the crimes were committed, which is an element of each of the 16 counts of [IDSI], the 16 counts of Aggravated Indecent Assault of a Child, and the 16 counts of Indecent Assault — Person Less than 13 years of Age.

\* \* \*

[The victim] testified at trial that she stayed very frequently with her grandma until her grandma died in 2010. [The victim] was [13] years old when [her grandma] died. Notes of Testimony from jury trial of October 31, 2016 (N.T.) at pages 28 and 29. [The victim] stated [Appellant] began sexually assaulting her when she was seven years old. N.T. at pp. 30 and 31. She described in detail how [Appellant] assaulted her on several occasions. N.T. at pp. 33 through 35. [The victim] stated the assaults stopped when her grandma died at the end of 2010. There were times she remembers more than others; a lot occurred around the holidays. N.T. pp. 36 and 37. When she testified, she could not remember the number of times it happened, but the prosecutor showed her a statement she had written and she said it refreshed her recollection that [Appellant] assaulted her 16 times. N.T. at pp. 38 through 41. She testified there were times it happened between the ages of seven and 12. N.T. at p. 43. Further, [the victim] answered "yes" to the following question by defense counsel: "So you're a nine, ten, 11, 12 year-old girl, and this guy is systematically raping you, you don't remember it starting or ending and you go back to sleep, that's your testimony?"

This evidence, when viewed in the light most favorable to the Commonwealth as the verdict winner and when the prosecution is given the benefit of all reasonable inferences to be drawn from the evidence, is sufficient to establish that [Appellant] assaulted [the victim] 16 times between the ages of seven and 12.

Trial Court Opinion, 10/2/17, at unnumbered 1–3.

Upon review of the certified record in the light most favorable to the

Commonwealth, we agree with the trial court that the evidence at trial, and

all reasonable inferences derived therefrom, was sufficient to establish that the victim was less than thirteen years old when Appellant sexually assaulted her. The victim recalled being sexually assaulted by Appellant on numerous occasions from the time she was seven years old until her grandmother died in 2010 when she was thirteen years old. N.T., 10/31/16, at 28–31. Although she could not remember the total number of incidents, she remembered sixteen specific assaults, as evidenced by her written statements to the police. The jury was free to believe that Appellant sexually assaulted the victim sixteen times when the victim was less than thirteen years old. Appellant's contrary claim lacks merit.

Appellant's third and final sufficiency challenge involves the date when the offenses were alleged to have been committed as set forth in the criminal information. Appellant complains, "[T]he Commonwealth should have been more specific in the Information as to dates of the alleged acts, and the Commonwealth's failure to do so violated [Appellant's] constitutional rights." Appellant's Brief at 52. According to Appellant, the Commonwealth's failure to fix the dates of the alleged offenses deprived him of the ability to establish an alibi defense and to defend himself against the charges. *Id.* at 54. Notably, with regard to the specific date of an offense, Appellant recognizes that recent jurisprudence affords "greater latitude to the Commonwealth in cases involving claims of abuse of minors occurring over a period of time." *Id.* (citing *Commonwealth v. Benner*, 147 A.3d 915 (Pa. Super. 2016)).

Yet, in support of his position, Appellant relies on **Commonwealth v. Devlin**, 333 A.2d 888, 890 (Pa. 1975), in which the Pennsylvania Supreme Court reversed a sodomy conviction because "the showing of the commission of the crime within [a] fourteen-month period" did not meet the "sufficient particularity" standard outlined in **Commonwealth v. Levy**, 23 A.2d 97 (Pa. Super. 1941).

Relying on Pa.R.Crim.P. 560,[4] the Commonwealth responds: "In the instant case, the precise date of the offense is not known. As the offenses committed were a continuing course of conduct, the Commonwealth fixed [an] offense date (1/1/2004) falling within the statute of limitations, as provided by Rule 560." Commonwealth's Brief at 19. Additionally, the Commonwealth relies on **Commonwealth v. G.D.M., Sr.**, 926 A.2d 984 (Pa. Super. 2007). Therein, this Court affirmed an indecent assault conviction where the victim testified to ongoing, repeated abuse over a seven-month span from the time the victim began kindergarten until the defendant was arrested.

_____

[4] The rule provides, in relevant part, as follows:

> [The Information must contain] the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient.

Pa.R.Crim.P. 506(B)(3).

- 11 -

The **G.D.M., Sr.** Court held that:

the due process concerns of **Devlin** are satisfied where the victim, as here, can at least fix the times when an ongoing course of molestation commenced and when it ceased. A six-year-old child cannot be expected to remember each and every date upon which he was victimized, especially where those events are numerous and occur over an extended period of time. Unlike adults, the lives of children, especially pre-school children or those who have only started school, do not revolve around the calendar, except to the extent that they may be aware of their birthday or Christmas, or the day a favorite television show airs. To require young children to provide such detail would be to give child predators free rein. Instantly, we find that the dates of the incidents were proven with sufficient specificity to satisfy due process.

*Id.* at 990.

Here, the trial court rejected Appellant's claim on the following grounds:

Appellant next states that the Commonwealth alleged in the Information that all of the offenses occurred on January 1, 2004. He argues that the Commonwealth failed to prove any specific date or range of dates when the assaults occurred. The Commonwealth did state in the Information: "Offense Date: 01/01/2004" for each of the 16 counts of [IDSI] with a Child, the 16 counts of Aggravated Indecent Assault of a Child, and the 16 counts of Indecent Assault – Person Less than 13 years of Age. The Commonwealth also stated in the Information that [the victim] was less than 13 years of age and she was seven years of age when the incidents began.

*In Com. v. Young*, 748 A.2d 166, 182 (Pa. 1999), the Supreme Court stated:

> In general, the Commonwealth need not prove that the crime occurred on the date alleged in the indictment, except where the date is an essential issue in the case, e.g., where the defendant presents an alibi defense. *See, e.g., Commonwealth v. Boyer*, 216 Pa.Super. 286, 264 A.2d 173 (Pa.Super. 1970).

In the present case, the date of each offense was not an essential issue in the case.

The Supreme Court also stated in *In re R.M.*, 790 A.2d 300, 306 (Pa. 2002) that,

> . . . a variance may be deemed harmless where a defendant is fully apprised of the charges against him and able to anticipate and respond to the prosecution's proof. *See United States v. Stuckey*, 220 F.3d 976, 982–[983] (8th Cir. 2000); *Commonwealth v. Kelly*, 487 Pa. 174, 178, 409 A.2d 21, 23 (1979); *accord United States v. Alicea–Cardoza*, 132 F.3d 1, 6 (1st Cir. 1997). Harmlessness may be found either because the disparity between the charging document and the proof at trial was not material, or because the disparity, though material, did not prejudice the defendant. *See Kelly*, 487 Pa. at 177; 409 A.2d at 23; *656 [sic] *Commonwealth v. Ohle*, 503 Pa. 566, 589, 470 A.2d 61, 73 (1983).

In *Com. v. Einhorn*, 911 A.2d 960, 978 (Pa. Super. 2006), the Court stated:

> Additionally, 'indictments must be read in a common sense manner and are not to be construed in an overly technical sense.' *Commonwealth v. Ohle*, 503 Pa. 566, 588, 470 A.2d 61, 73 (1983) (citation omitted). The purpose of the indictment is to provide the accused with sufficient notice to prepare a defense. *See id*. A variance is not fatal unless it could mislead the defendant at trial, impairs a substantial right or involves an element of surprise that would prejudice the defendant's efforts to prepare his defense. *See id*., at 589, 470 A.2d at 73.

In the present case, the Commonwealth stated an "Offense Date" in the Information of "01/01/2004." At trial, the victim . . . did not give a specific date or dates when the incidents occurred. Nevertheless, the Commonwealth also stated in the Information that [the victim] was less than 13 years of age and she was seven years of age when the incidents began. [Appellant] was fully apprised of the charges against him and able to anticipate and respond to the prosecution's proof and therefore, any variance between the date provided in the Information and the proof at trial was harmless.

J-S68008-18

Trial Court Opinion, 10/2/17, at unnumbered 3–5.

Upon review of the certified record in the light most favorable to the Commonwealth, as well as the relevant case law cited by the Commonwealth and the trial court, we conclude that "the dates of the incidents were proven with sufficient specificity to satisfy due process." *G.D.M., Sr.*, 926 A.2d at 990. Like the victim in *G.D.M., Sr.*, the victim here was able to fix the times when an ongoing course of molestation commenced and when it ceased. Specifically, she testified that the sexual assaults started when she was seven years old and continued until her grandmother died in 2010, when the victim was thirteen years old. N.T., 10/31/16, at 28–31. The victim also recalled sixteen specific incidents during the ongoing period of molestation, and she testified to being assaulted between the ages of seven and twelve. *Id.* at 41, 43. Thus, Appellant's final sufficiency claim does not warrant relief.

Appellant's second issue presents a challenge to the weight of the evidence.[5] According to Appellant, the victim's testimony was "contradictory,

_____

[5] Initially, Appellant complains that the trial court misunderstood the proper standard of review for a weight-of-the-evidence challenge. Appellant's Brief at 32–33. In disposing of this claim, we agree with the Commonwealth that Appellant took "a statement made by the trial court out of context" to support an allegation of error. Commonwealth's Brief at 9. Appellant first raised a weight claim in his post-verdict motion for a new trial, which the trial court denied. Order, 2/21/17. Three months later, the trial court conducted a recusal hearing. During that hearing, the trial court made the statement at issue, *i.e.*, that it would be sentencing Appellant based on the jury's verdict, not on his own opinion of the evidence. N.T., 5/31/17, at 32. Appellant's allegation of trial court error is disinguous and belied by the record.

- 14 -

unspecific and lacking as to the dates and circumstances alleged, and her testimony was incredible and utterly unreliable." Appellant's Brief at 34. Specifically, Appellant challenges the victim's failure to remember that she had told a childhood friend about the assaults. *Id.* at 39. Additionally, Appellant argues that the evidence is contrary to his reputation, as described by three character witnesses called on his behalf. *Id.* at 40.

Our Supreme Court has set forth the following standards for addressing challenges to the weight of the evidence:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. An appellate court may not overturn the trial court's decision unless the trial court palpably abused its discretion in ruling on the weight claim. Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations and quotation marks omitted). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence.... Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion[.]" *Commonwealth v. Ferguson*, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted). "Thus, the trial court's denial of a motion for a new trial based on a weight of the

evidence claim is the least assailable of its rulings." ***Commonwealth v.***

***Diggs***, 949 A.2d 873, 879–880 (Pa. 2008).

Here, the trial court succinctly disposed of Appellant's weight claim when

it denied his motion for a new trial:

> [This] court has applied the following standard set forth in *Com. v. Davidson*, 860 A.2d 575, 582 (Pa. Super. 2004), "When reviewing a challenge to the weight of the evidence, the verdict must be reversed only if it is so contrary to the evidence as to shock one's sense of justice." In the present case, the Commonwealth presented the testimony of the victim . . . that [Appellant] penetrated her vagina with his tongue sixteen times during the period beginning in 2004 when she was seven years old until the time when her grandmother died in December 2010 when she was 13 years old. The jury's verdict was not so contrary to the evidence as to shock one's sense of justice.

Order, 2/21/17, at 2.

Affording the gravest consideration to the findings and reasons

advanced by the trial judge for its determination that the verdict was not

against the weight of the evidence, we discern no abuse of the trial court's

discretion. ***Commonwealth v. Clay***, 64 A.3d 1049, 1056 (Pa. 2013).

Although Appellant assails the victim's testimony and exalts his own character,

he offers no evidence that the trial court exercised manifestly unreasonable

judgment, misapplied the law, or acted out of partiality, prejudice, bias, or ill-

will in denying his motion for a new trial. Moreover, the jury heard defense

counsel cross-examine the victim about, *inter alia*, inconsistencies in her

testimony, the assaults occurring in a room where other family members were

sleeping, and the victim's failure to remember that she told a friend in eighth

grade about the assaults. N.T., 10/31/16, at 44–50, 53–55; Trial Court Rule 1925(a) Opinion, 12/27/18, at unnumbered 2. Yet, the jury chose to give weight to the victim's testimony. Appellant essentially asks us to reassess the credibility of the victim and to reweigh the evidence presented at trial, which we cannot do. *See Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015), *appeal denied*, 138 A.3d 4 (2016) (citation omitted) ("The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses."). Thus, our review of the record leads to the conclusion that the trial court did not abuse its discretion when it held that the verdict was not so contrary to the evidence as to shock the court's conscience. Appellant is not entitled to relief on his weight of the evidence claim.

In his third issue, Appellant claims the trial judge should have recused himself. In summary, Appellant states: "The trial judge admittedly engaged in a conversation with a friend, after trial. While the specifics of the conversation remain unknown to [Appellant], the subject involved the verdict in this case, during which the judge allegedly stated that he did not believe [Appellant] was guilty." Appellant's Brief at 58.[6]

---

[6] The trial court observed that Appellant raised for the first time in his Pa.R.A.P. 1925(b) statement an additional recusal complaint, *i.e.*, that the trial court "made a statement at the end of the trial that [the victim] did not testify to all of the alleged instances, indicating that [the trial court] did not believe the Commonwealth had proven some of the charges and . . . could not

The Commonwealth responds: "The trial judge denied ever making the alleged statement, and no evidence was presented to refute that. The original allegation was not a direct allegation, but rather an inadmissible hearsay statement. The trial court's decision was correct, and [it] did not abuse [its] discretion." Commonwealth's Brief at 26.

When addressing a recusal issue, our standard of review is well settled:

> [Our Supreme] Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.
>
> As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion.

---

be fair." Trial Court Pa.R.A.P. 1925(a) Opinion, 12/27/17, at unnumbered 6. Upon review of the certified record, we agree with the trial court that Appellant raised this issue for the first time in his Pa.R.A.P. 1925(b) statement. Therefore, it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

- 18 -

[A] trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can be reasonably questioned. It is presumed that the judge has the ability to determine whether he will be able to rule impartially and without prejudice, and his assessment is personal, unreviewable, and final. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion.

*Commonwealth v. Kearney*, 92 A.3d 51, 60–61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

The trial court stated the context and its analysis of this issue as follows:

[Appellant] [sought] a new trial because [the trial court] denied defense counsel's oral motion for recusal at a hearing on May 31, 2017. He contends that [the trial court] could not be impartial and lenient in imposing a sentence because an individual had reported that [the trial court] told another individual [it] believed [Appellant] was not guilty and thus, questioned [its] impartiality. All of the pertinent facts and [the trial court's] ruling and reasons for [its] ruling are set forth in the record of the hearing of May 31, 2017.

The record shows [the trial court] had ordered the District Attorney to provide notice [of] the hearing to the person who made the allegation against [it] and to any other persons who may have information about [its] conversation. At the hearing, Assistant District [Attorney] Welsh confirmed that the person was present, but did not want to talk or identify himself or herself. No one came forward and provided any information indicating that [the trial court] had stated [it] believed [Appellant] was not guilty. [The trial court] had no information that members of the community really thought [it] said that or that anyone in the community perceived that [the trial court] favored [Appellant] and would be lenient toward him. There is no indication [the trial court] felt a need to respond to a perception in the community by imposing a harsher sentence.

[The trial court] did impose sentence on May 31 and stated [its] reasons for the sentence. There is a record of that proceeding as well. [The trial court] considered the facts of the offenses, the

> Sentencing Guidelines and the information provided at the sentencing hearing in deciding what the sentence would be; the same as [it does] in every case.  [The trial court] believe[s it] provided valid reasons for imposing the sentence.

Trial Court Opinion, 10/2/17, at unnumbered 6–7.

Upon review of the record, we discern no abuse of the trial court's discretion in denying Appellant's recusal request.  *Kearney*, 92 A.3d at 60.  The trial judge denied making the alleged statement.  N.T., 5/31/17, at 8.  Nevertheless, he took measures to investigate the allegations by an unidentified third party regarding a statement concerning Appellant's innocence.  N.T., 5/12/17, at 7–21.  At the recusal hearing, the trial judge explained his understanding of the allegations, the allegations remained unsubstantiated, and Appellant produced no testimony in support of recusal.  *Id.* at 6–9, 15, 16, 21–24.  Thus, Appellant did not carry his burden of presenting evidence to establish bias, prejudice, or unfairness necessitating recusal.  *Kearney*, 92 A.3d at 60.  Moreover, after careful consideration of Appellant's request, the trial judge made a conscientious determination that he could be impartial at sentencing.  N.T., 5/31/17, at 23–24.  Appellant's contrary claim lacks merit.[7]

---

[7] We are aware of Appellant's argument that his inability to examine the anonymous caller violated his Confrontation Clause rights.  Appellant's Brief at 64.  Upon review, we reject this claim as it was not preserved in the trial court.  Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b); *Lord*, 719 A.2d 306.

Appellant's fourth issue attacks the legality of his sentence on two fronts: merger and designation as a sexually violent predator ("SVP"). Appellant first argues that, for sentencing purposes: (1) IDSI with a child merges with indecent assault of a person less than thirteen years old, and (2) IDSI with a child merges with aggravated indecent assault of a child. Appellant's Brief at 78–84.[8]

A claim that the trial court imposed an illegal sentence by failing to merge convictions for sentencing is a question of law. ***Commonwealth v. Duffy***, 832 A.2d 1132, 1137 (Pa. Super. 2003). Accordingly, our scope of review is plenary. ***Id.*** Our legislature has addressed the mandatory merger of convictions for the purpose of sentencing in section 9765 of the Sentencing Code, which provides as follows:

**§ 9765. Merger of sentences**

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

---

[8] Appellant raised a claim in his brief that indecent assault of a person less than thirteen years old merges with aggravated indecent assault of a child, then promptly acknowledged that this Court has held otherwise. Appellant's Brief at 78 n. 21 (citing ***Commonwealth v. Allen***, 856 A.2d 1251 (Pa. Super. 2004). Thus, we will not address this claim.

Our Supreme Court has summarized the appropriate test concerning merger of convictions for sentencing as follows:

The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other.

*Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

Appellant first argues that the sixteen convictions of IDSI with a child and the sixteen convictions of indecent assault of a child merge. Appellant's Brief at 78. In support of his position, Appellant relies on—and the Commonwealth acknowledges—this Court's recent decision in *Commonwealth v. Tighe*, 184 A.3d 560 (Pa. Super. 2018). Therein, we held as follows:

"Deviate sexual intercourse is defined as "Sexual intercourse per os or per anus between human beings." 18 Pa.C.S. § 3101. Proof of the "deviate sexual intercourse" requirement of § 3123(a)(7) satisfies the "indecent contact" element of § 3126(a)(8). Thus, proof of involuntary deviate sexual intercourse with a person under sixteen necessarily proved indecent assault of a person under sixteen. Accordingly, the convictions merge for sentencing purposes.

*Id.* at 585.

Applying *Tighe* to the cases at hand, we hold that proof of the "deviate sexual intercourse" requirement of § 3123(b) satisfies the "indecent contact" element of § 3126(a)(7). Thus, evidence of involuntary deviate sexual intercourse with a person under thirteen necessarily proved indecent assault of a person under thirteen. Accordingly, the sixteen convictions for indecent

assault merge with the sixteen IDSI convictions for sentencing purposes. Because the trial court imposed consecutive sentences on the sixteen convictions of indecent assault, our ruling disrupts the sentencing scheme and requires that we vacate the judgment of sentence and remand for resentencing. *Tighe*, 184 A.3d at 585.

Appellant next argues that the sixteen convictions of IDSI with a child and the sixteen convictions of aggravated indecent assault of a child merge. Appellant's Brief at 81. We disagree. IDSI with a child requires proof of deviate sexual intercourse with forcible compulsion or threat of forcible compulsion; or with an unconscious, unaware, or impaired complainant, who is less than 13 years of age. 18 Pa.C.S. § 3123(b). "Deviate sexual intercourse" includes, *inter alia*, sexual intercourse per os or per anus between human beings. 18 Pa.C.S. § 3101. Sexual intercourse "includes intercourse per os or per anus, with some penetration however slight; emission is not required." *Id.* Aggravated indecent assault of a child requires proof of "penetration, however slight, of the genitals or anus of a complainant [who is less than 13 years old] with a part of the person's body" and without consent; with forcible compulsion or threat of forcible compulsion; or with an unconscious, unaware, or impaired complainant. 18 Pa.S.C. § 3125(b).

Here, Appellant's merger argument fails because he committed different acts to establish each of the elements of IDSI with a child and aggravated indecent assault of a child. The victim testified that Appellant rubbed his penis

on her privates and performed oral sex on her without her consent; she also testified that Appellant's "tongue would go into [her] vagina." N.T., 10/31/16, at 33, 35–36, 41, 52. Each of these actions are separate acts that would separately meet the requirements for IDSI with a child and aggravated indecent assault of a child. *See Commonwealth v. Bishop*, 742 A.2d 178, 189 (Pa. Super. 1999) (finding evidence that defendant licked his five-year-old step-granddaughter's vagina during the course of a secret game was sufficient to establish IDSI; evidence that defendant's tongue penetrated the victim's vagina was sufficient to establish aggravated indecent assault). Because multiple acts occurred, Appellant's second merger argument fails.

Appellant's second legality-of-sentence claim challenges his SVP designation. Appellant's Brief at 84. According to Appellant, pursuant to our decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), we must vacate the order designating him a SVP because it is the result of an unconstitutional process. *Id.* at 86, 92. Appellant is correct. We held in *Butler* that because:

> our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under *Apprendi* and *Alleyne*,[9] a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes him or her likely to engage in predatory sexually violent offenses," 42 Pa.C.S.A. § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. Section

---

[9] *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013).

> 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny. Accordingly, we are constrained to hold that section 9799.24(e)(3) is unconstitutional and Appellant's judgment of sentence, to the extent it required him to register as an SVP for life, was illegal.

**Butler**, 173 A.3d 1212, 1217–1218 (Pa. Super. 2017), *allowance of appeal granted*, 190 A.3d 581 (Pa. 2018) (internal brackets omitted).

Accordingly, we vacate the trial court's April 10, 2017 order, which designated Appellant an SVP and required him to register as a SVP for life, and we remand this case to the trial court for the sole purpose of issuing the appropriate notice under 42 Pa.C.S. § 9799.23 as to Appellant's registration obligation. **Butler**, 173 A.3d at 1218.

Lastly, Appellant argues that the trial court abused its discretion at sentencing by considering impermissible factors. Appellant's Brief at 92. Appellant first claims the trial court should not have considered the SVP designation in sentencing Appellant. **Id.** at 93. Given our disposition of Appellant's sentencing and SVP issues, this argument is moot.

Appellant next claims that the trial court improperly considered public perception of his ability to sentence Appellant. Appellant's Brief at 96. Specifically, Appellant accuses the trial judge of sentencing him "in a manner which would be perceived by the 'public' as being sufficiently harsh" as a countermeasure to the allegation that the trial judge stated his belief to a friend that Appellant was not guilty. **Id.** at 96–97.

- 25 -

Appellant's claim challenges the discretionary aspect of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process.  *Commonwealth v. Sierra*, 752 A.2d 910, 912-913 (Pa. Super. 2000).

Herein, the first requirement of the four-part test is satisfied: Appellant brought a timely appeal.  Notice of Appeal, 10/26/17.  However, Appellant did not preserve this claim at sentencing or in a motion to reconsider and modify sentence.  N.T., 5/31/17, at 40–60; Post Sentence Motions, 6/12/17.  Thus, Appellant waived this challenge to the discretionary aspects of his sentence.  *Moury*, 992 A.2d at 170.

Appellant's convictions are supported by sufficient evidence and not contrary to the weight of that evidence.  However, Appellant's sentence is infirm and requires that we remand for resentencing consistent with this decision.

Convictions affirmed.  Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/12/2018