409 A.2d 21

**COMMONWEALTH of Pennsylvania**

**v.**

**Gerald KELLY, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 9, 1979.

Decided Dec. 21, 1979.

John W. Packel, Leonard Sosnov, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, Philadelphia, Suzanne McDonough, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant, Gerald Kelly, was convicted in Philadelphia Municipal Court for possession of a controlled substance. Common Pleas Court denied certiorari and the Superior Court affirmed the conviction.[1] This case comes to the Supreme Court on grant of allocatur.

The facts relevant to this appeal are the following:

Two police officers were in a patrol wagon in Philadelphia at about 9:00 p. m. when they spotted an expired inspection sticker on an automobile. Appellant, driver of the automobile with the expired sticker complied with a signal from the officers to pull over and stop. Appellant got out of his automobile, approached the officer who had been driving the patrol wagon, and handed over an operator's license and the vehicle's registration card. At the same time, the second officer approached the passenger side of appellant's automobile as appellant's two (2) passengers were getting out. Immediately after the passengers exited, this police officer, holding a flashlight outside the automobile, beamed light onto the front seat purportedly to assure himself that weapons were not present—such a weapons check being his

[1]. *Commonwealth v. Kelly*, 250 Pa.Super. 122, 378 A.2d 484 (1977).

routine practice. The light illuminated a small amber prescription vial, approximately three or four inches long and one and a half inches in diameter with a white top, near the center of the seat. Seeing that the vial appeared to contain aluminum foil packets, the officer reached in through the open window and seized it. The vial, having a drugstore label with appellant's name thereon, was immediately found to contain nine (9) small aluminum packets. Appellant was arrested for possession of a controlled substance after these packets were shown to the officer who had been examining appellant's license and vehicle registration. Appellant was then frisked, with nothing being recovered, and taken to a police station where a further search of appellant's clothing uncovered three (3) more packets. Eight of the total of twelve seized packets were subjected to chemical analysis. All eight contained methamphetamine, a controlled drug. At trial, suppression of the physical evidence was denied.

Appellant's first contention is that judgment should be arrested and discharge should be granted on the ground that there was a variance between the complaint charging possession of a controlled substance, erroneously alleged to be heroin, and proof at trial that the controlled substance was methamphetamine. Counsel stipulated at trial that the packets contained methamphetamine. Appellant's defense at trial was based entirely on a motion to suppress the evidence.[2] Every complaint shall contain a "summary of the facts sufficient to advise the defendant of the nature of the offense charged . . ." Pa.R.Crim.P. 132. Possession of either heroin or methamphetamine would be the same offense under The Controlled Substance, Drug, Device and Cosmetic Act of 1972, P.L. 233, No. 64, 35 P.S. § 780–

---

**2.** At the demurrer stage of trial, after the Commonwealth rested its case, appellant raised for the first time an objection to the variance between the complaint and proof at trial. Superior Court, on the ground that appellant first brought this variance to a Court's attention in a petition for writ of certiorari, held that the variance was waived. Appellant asserts that the Superior Court conclusion was in error since arguments of counsel at trial had not yet been transcribed and a later transcription revealed the variance issue was raised at the demurrer stage of trial. We resolve the variance issue on the merits without addressing waiver.

113(a)(16) (1977). Variations between allegations and proof at trial are not fatal unless a defendant could be misled at trial, prejudicially surprised in efforts to prepare a defense, precluded from anticipating the prosecution's proof, or otherwise impaired with respect to a substantial right. *Commonwealth v. Pope*, 455 Pa. 384, 317 A.2d 887 (1974). This Court's review of the record reveals that appellant could not have been prejudiced by the defect in the complaint and that he was well advised of the nature of the offense charged.

■■■ Appellant further contends that the officers lacked probable cause to seize the vial and make the arrest.[3] This Court agrees. Suspicion is not a substitute for probable cause as grounds for an arrest or search and seizure. *Commonwealth v. Pinno*, 433 Pa. 1, 248 A.2d 26 (1968). Reviewing the circumstances surrounding seizure of the controlled drugs from appellant's automobile, this Court finds probable cause to have been lacking at the moment preceding removal of the vial from the automobile. We reach the narrow holding that mere sight of the vial described above under the circumstances here present did not fulfill the probable cause requirement. The evidence contains nothing that might allow us to find that the nature of this vial was "immediately apparent": the officers had no information or observations of suspicious conduct or circumstances that would give rise to an inference of possession of controlled substances. An infinite number of commonly merchandised items could have been in the vial in appellant's automobile. We reject as preposterous the notion that anyone possesses expertise to render an opinion on the contents of the vial as seen in appellant's car. The physical evidence should have been suppressed.

Judgment of sentence reversed and a new trial granted.

MANDERINO, J., did not participate in the decision of this case.

---

**3.** Appellant also argues that the officer's flashlight assisted view into the automobile violated the Fourth Amendment. We need not reach this issue, as we have determined that there was no probable cause to seize the vial and make the arrest.