## Commonwealth v. Favere

*David W. Addy, assistant district attorney,* for the Commonwealth.
*Stephen P. Vlossak Sr.,* for defendant.

LAVELLE, *P.J.,* May 7, 1992—Defendant, Richard Joseph Favere, seeks to suppress hashish seized by a wildlife conservation officer on June 22, 1991, pursuant to a search and seizure of a prescription vial conducted on state game lands. Defendant contends that the officer did not have probable cause to search the vial containing hashish.

Based on a stipulation of counsel, we make the following

## FINDINGS OF FACT

On June 22, 1991, defendant and several others were camping on state game lands in the Borough of Nesquehoning. Wildlife conservation officers John Skerchock, Richard Karper and Richard Kott entered the campsite and told the campers they were camping illegally on state game lands in violation of state game laws. The officers then announced that they were going to conduct a weapons search for their own personal safety. Defendant and the other campers consented to the search.

As defendant went into a tent to retrieve his knapsack, Officer Kott noticed a bulging pocket on the side of the tent and asked defendant what the pocket contained. Defendant, making no verbal response, pulled out a

set of glasses and a vial which is used for prescribed medication. The vial was a small plastic amber container, approximately two to three inches in length and one inch in diameter, with a white top and a drugstore label with defendants name on it. Officer Kott asked defendant what the vial was. Defendant responded that it was his allergy medicine and proceeded to place it in his pocket.

Officer Kott then asked defendant to see the vial and defendant handed it to him. Officer Kott examined the vial and, being unable to see the contents, opened it. He gave the vial to Officer Skerchock who suspected it might be an illegal drug. The contents of the vial was later tested and found to contain one-tenth of one gram of hashish.

## DISCUSSION

Initially, we point out that the Game and Wildlife Code gives Game Commission officers broad powers in conducting searches for violation of laws relating to game and wildlife. See 34 Pa.C.S. §901 et al. In 1990, subsection 17 of section 901 expanded Game Commission officers' powers permitting them to pursue, apprehend or arrest any individual suspected of violating any provision of title 18 or any other offense classified as a misdemeanor or felony.

The Fourth Amendment provisions against unreasonable searches and seizures limit these broad police powers. See *Commonwealth v. Mayhugh,* 75 D.&C.2d 552 (1976).

The Commonwealth contends that during the search for weapons, defendant consented to the inspection of

the pill container and upon inspection the officer observed the hashish in plain view. We disagree that the plain view doctrine makes this search legal.

In order to justify a warrantless search under the plain view doctrine, the Commonwealth first has to show a lawful initial intrusion. *Commonwealth v. Daniels,* 406 Pa. Super. 112, 593 A.2d 895 (1991).

The intrusion here was the opening of the pill vial because that was the only way the vial's contents could be observed. The contents of the vial were not visible from an outward inspection. There was nothing to suggest that the vial contained anything other than the allergy medicine as indicated on the prescription label. The defendant told the officer that it contained allergy medicine. *Cf. Commonwealth v. Kelly,* 487 Pa. 174, 409 A.2d 21 (1979).

The only legal way for the officer to intrude into the vial, under the facts of this case, was by defendant's consent. Defendant, however, consented solely to a search for weapons or game. His consent was a limited one.

The law does not allow a police officer to use an individual's permission to look for a particular item as a blank warrant to look for and seize anything in that person's possession. A consent to search limits an officer's activity to that which is necessary to search for the item consented to. 68 Am. Jur.2d §100 (1973).

A container two and three-quarters inches in length and one inch in diameter could not possibly contain a weapon. By opening the container, the officer exceeded the bounds of defendant's consent. His search

inside the container which produced the hashish was, therefore, an unlawful initial intrusion.

## CONCLUSIONS OF LAW

Officer Kott's initial intrusion into the vial was unlawful because it exceeded the scope of the consent to search for weapons.

## ORDER OF COURT

And now, May 7, 1991, upon consideration of the arguments and briefs of counsel, it is hereby ordered and decreed that defendant's motion to suppress the evidence seized is granted.