J-S32023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRANCE JORDAN, | |
| Appellant | No. 1789 WDA 2014 |

Appeal from the Judgment of Sentence of October 27, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): 0000525-2014

BEFORE: SHOGAN, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                                    **FILED JULY 10, 2015**

Appellant, Terrance Jordan, appeals from the judgment of sentence entered on October 27, 2014. We affirm.

The relevant factual background and procedural history of this case are as follows. At approximately 3:00 p.m. on January 23, 2014, police, acting on information supplied by a confidential informant, stopped a dark Saturn SUV. Appellant was seated in the front passenger seat of the vehicle. Police performed a protective frisk of Appellant and recovered a firearm from his waistband. When Appellant was transported to the police department for booking, police recovered a baggie of pills.

On March 27, 2014, Appellant was charged via criminal information with possession of a firearm by a prohibited person,[1] carrying a firearm without a license,[2] and possession of a controlled substance by an unregistered person.[3]  On March 31, 2014, Appellant was formally arraigned.  On April 1, 2014, Appellant filed a discovery request, to which the Commonwealth forwarded a timely response.  On July 8, 2014, Appellant filed an omnibus pretrial motion.  That same day, the trial court dismissed the pretrial motion as untimely.  On September 4, 2014, the case proceeded to a non-jury trial and Appellant was found guilty of carrying a firearm without a license and possession of a controlled substance by an unregistered person.[4]  On October 27, 2014, Appellant was sentenced to an aggregate term of 30 to 60 months' imprisonment.  This timely appeal followed.[5]

Appellant presents two issues for our review:

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 18 Pa.C.S.A. § 6106(a)(1).

[3] 35 P.S. § 780-113(a)(16).

[4] The possession of a firearm by a prohibited person charge was withdrawn.

[5] On October 28, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  *See* Pa.R.A.P. 1925(b).  On November 10, 2014, Appellant filed his concise statement.  On November 19, 2014, the trial court issued its Rule 1925(a) opinion.  Both issues raised on appeal were included in Appellant's concise statement.

1. Whether the trial court erred in dismissing Appellant's omnibus pretrial motion as untimely where defense counsel was not aware of the grounds for the motion due to an inability to contact the Appellant[?]

2. Whether the trial court, as finder of fact, abused its discretion in finding the Appellant guilty of possession of a controlled substance, specifically, ecstasy, when the evidence and testimony presented was insufficient to establish such a finding[?]

Appellant's Brief at 3 (complete capitalization removed).

In his first issue, Appellant contends that the trial court erred by dismissing his pretrial motion as untimely. We review a trial court's dismissal of a pretrial motion on timeliness grounds for an abuse of discretion. *Commonwealth v. Johonoson*, 844 A.2d 556, 561 (Pa. Super. 2004), *appeal denied*, 863 A.2d 1144 (Pa. 2004) (citation omitted). Pennsylvania Rule of Criminal Procedure 579 provides, in relevant part:

[T]he omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P. 579(a).

In this case, Appellant was arraigned on March 31, 2014. Therefore, the pretrial motion was due on April 30, 2014. The pretrial motion was not filed until July 8, 2014. In his pretrial motion, Appellant sought suppression of all evidence recovered as a result of the traffic stop and identification of the confidential informant that provided police with information that led to

- 3 -

the stop. Counsel averred that he was unable to contact Appellant from the day he was released on bail, February 28, 2014, until July 7, 2014 as Appellant did not return counsel's attempts at communication. Thus, counsel argued that he was unaware of the bases for the pretrial motion.

Other averments in the pretrial motion, however, indicate that counsel was fully aware of the grounds for the pretrial motion months earlier. Specifically, counsel conceded that the Commonwealth turned over all requested discovery materials in a timely manner after a discovery request was filed on April 1, 2014. All information needed to file the pretrial motion was included within those discovery materials as that was the only information cited in the pretrial motion. Furthermore, the trial court found that, because Appellant bore responsibility for failing to communicate with counsel, he should be deemed to have waived his right to a suppression hearing. We ascertain no abuse of discretion in this determination as we refuse to incentivize defendants to not communicate with their counsel.

Appellant cites *Commonwealth v. Borovichka*, 18 A.3d 1242 (Pa. Super. 2011), in support of his argument that the trial court erred by dismissing his pretrial motion as untimely. *Borovichka*, however, did not address whether the trial court erred by dismissing a pretrial motion as untimely. Instead, in *Borovichka* the trial court addressed the defendant's pretrial motion despite the fact that it was untimely. This Court simply noted that this Court would not find the issue waived on appeal because the

trial court permitted the untimely pretrial motion. *Id.* at 1248. Accordingly, we conclude that the trial court did not abuse its discretion in dismissing Appellant's pretrial motion as untimely.

In his second issue, Appellant contends that there was insufficient evidence to convict him of possession of a controlled substance by an unregistered person. "Whether sufficient evidence exists to support the verdict is a question of law; thus, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted). In reviewing a sufficiency of the evidence claim, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Thompson*, 106 A.3d 742, 756 (Pa. Super. 2014) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Commonwealth v. Haynes*, 2015 WL 1814017, *15 (Pa. Super. Apr. 22, 2015) (internal quotation marks and citation omitted).

Appellant argues that there was insufficient evidence to convict him of possession of a controlled substance by an unregistered person because the criminal information in this case charged him with possession of 3,4-methylenedioxymethamphetamine ("MDMA") and at trial the Commonwealth

conceded that Appellant did not possess MDMA but instead possessed 3,4-methylenedioxypyrovalerone ("MDPV"). **See** Information, 3/27/14, at 2; N.T., 9/4/14, at 42. Our Supreme Court has rejected a similar argument. In **Commonwealth v. Kelly**, 409 A.2d 21, 23 (Pa. 1979), the criminal complaint charged the defendant with possession of heroin. **Id.** at 23. At trial, it was revealed the substance was in fact methamphetamine. **Id.** The defendant therefore argued that there was insufficient evidence to convict him of possession of a controlled substance by an unregistered person, the same offense at issue in the case *sub judice*. **See id.** Our High Court held that the error in the criminal information was not fatal to the prosecution because the defendant was not "misled at trial, prejudicially surprised in efforts to prepare a defense, precluded from anticipating the prosecution's proof, or otherwise impaired with respect to a substantial right." **Id.** (citation omitted). **Kelly** is still good law as our Supreme Court recently cited it with approval. **See Commonwealth v. Jones**, 912 A.2d 268, 289 (Pa. 2006).

As in **Kelly**, our "review of the record reveals that [A]ppellant could not have been prejudiced by the defect in the complaint and that he was well advised of the nature of the offense charged." **Kelly**, 409 A.2d at 23. MDMA is a schedule I controlled substance, **United States v. Baird**, 312 F. App'x 449, 450 (3d Cir. 2008), as is MDPV. **Commonwealth v. Tucker**, 106 A.3d 796, 797 (Pa. Super. 2014). Thus, possession of both is prohibited

by 35 P.S. § 780-113(a)(16). Appellant knew he was being charged for possession of the pills found on his person and he did not dispute the chemical composition or legal status thereof. Although we are unsure why the Commonwealth did not amend the criminal information at trial to list MDPV instead of MDMA, that decision was not fatal to Appellant's prosecution or conviction. Accordingly, there was sufficient evidence to convict Appellant of possession of a controlled substance by an unregistered person.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015