J-S70044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| REINALDO FANTAUZZI | : | |
| | : | |
| Appellant | : | No. 19 EDA 2018 |

Appeal from the PCRA Order November 8, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0003898-2005

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 22, 2019**

Appellant, Reinaldo Fantauzzi, appeals *pro se* from the order entered in the Northampton County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We reverse the order, vacate the judgment of sentence, and remand with instructions for resentencing.

The relevant facts and procedural history of this case are as follows.  On August 13, 2005, Appellant shot Ernesto Rivera in the leg while firing multiple shots in the direction of four Victims, including Mr. Rivera.  No other Victims suffered injuries, and Mr. Rivera survived the attack.  The Commonwealth charged Appellant with four counts each of attempted murder, aggravated

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

assault, and reckless endangerment of another person ("REAP"), and one count each of persons not to possess a firearm and firearms not to be carried without a license. The Commonwealth did not charge Appellant with attempted murder resulting in serious bodily injury or put Appellant on notice that the Commonwealth intended to pursue serious bodily injury related to the attempted murder charges. The criminal complaint and information did not allege Appellant caused serious bodily injury to Mr. Rivera in connection with that attempted murder charge.

At trial, the parties made several stipulations at the close of the Commonwealth's case in chief. The court announced to the jury the parties' stipulations, in relevant part, as follows:

> COURT:                              … The third stipulation is that the gunshot injuries suffered by Ernesto Rivera qualifies as serious bodily injury as will be defined to the jury in the [c]ourt's instructions at the end of this case.
>
> *   *   *
>
>                              Counsel, have I properly set forth the stipulations in this case?
>
> [COMMONWEALTH]:        Yes, Your Honor.
>
> COURT:                              [Defense counsel]?
>
> [DEFENSE COUNSEL]:        Yes, Your Honor. Thank you.

(N.T. Trial, 7/12/06, at 108-109). During the jury charge, the court instructed the jury to render a finding on serious bodily injury in relation to the aggravated assault offense against Mr. Rivera only. The court did not instruct

the jury to render a finding on serious bodily injury in relation to any attempted murder charge. Additionally, the verdict sheet included no mention of the elements of the charged offenses, including serious bodily injury. Rather, the verdict sheet merely listed each charge and its corresponding Victim.

On July 12, 2006, the jury convicted Appellant of four counts each of aggravated assault and REAP, two counts of attempted murder, and one count each of persons not to possess firearms and possession of a firearm without a license. Specifically, the jury convicted Appellant of one count of attempted murder and one count of aggravated assault/serious bodily injury against Mr. Rivera. With the benefit of a presentence investigation ("PSI") report, the court sentenced Appellant on September 14, 2006, to an aggregate term of twenty-eight (28) to fifty-six (56) years' incarceration, which included an enhanced sentence of fifteen (15) to thirty (30) years for attempted murder/serious bodily injury. The court stated at sentencing as follows:

> COURT: … On the charge of criminal attempt to commit homicide of Ernesto Rivera where serious bodily injury was caused and was, in fact, stipulated to at trial, I am imposing a sentence of incarceration in the state correctional institution of a minimum of 15 years to a maximum of 30 years.

(N.T. Sentencing, 9/14/06, at 15). Additionally, several of Appellant's convictions included mandatory minimum sentences under 42 Pa.C.S.A. § 9712(a) (requiring mandatory minimum sentences for offenses committed with visible firearm).

This Court affirmed the judgment of sentence on August 15, 2007, and our Supreme Court denied allowance of appeal on December 24, 2007. *See Commonwealth v. Fantauzzi*, 935 A.2d 10 (Pa.Super. 2007) (unpublished memorandum), *appeal denied*, 596 Pa. 702, 940 A.2d 362 (2007). On February 13, 2008, Appellant timely filed his first *pro se* PCRA petition. The PCRA court appointed counsel on March 4, 2008, and denied PCRA relief on December 1, 2008. This Court affirmed on January 13, 2010. *See Commonwealth v. Fantauzzi*, 991 A.2d 356 (Pa.Super. 2010) (unpublished memorandum).

Appellant filed a second *pro se* PCRA petition, styled as petition for writ of *habeas corpus*, subsequently retained counsel, and challenged his mandatory minimum sentences under *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). On February 20, 2015, the trial court vacated the original judgment of sentence, conducted a resentencing hearing, and resentenced Appellant to the same aggregate term of twenty-eight (28) to fifty-six (56) years' incarceration, but without any mandatory minimum sentences. The new sentence also included the enhanced sentence of fifteen (15) to thirty (30) years' incarceration for attempted murder/serious bodily injury. The resentencing court noted it relied upon: (1) the PSI report from the original sentencing, with minimal revisions regarding Appellant's contact with his child; and (2) the new sentencing guidelines forms with corrections to the guidelines originally used. This Court affirmed the new

- 4 -

judgment of sentence on April 18, 2016. *See Commonwealth v. Fantauzzi*, 145 A.3d 784 (Pa.Super. 2016) (unpublished memorandum).

On May 4, 2017, Appellant timely filed *pro se* this first PCRA petition following the judgment of sentence. The same jurist, who had resentenced Appellant in 2015, presided over the PCRA proceedings and appointed counsel on May 16, 2017. On June 12, 2017, Appellant filed a motion to proceed *pro se*. Following a *Grazier*[2] hearing on August 4, 2017, the PCRA court permitted Appellant to proceed *pro se*. On September 11, 2017, Appellant filed *pro se* an amended PCRA petition. The PCRA court conducted a hearing on October 26, 2017, where the parties presented argument but no testimony. On November 8, 2017, the PCRA court denied relief. Appellant timely filed a *pro se* notice of appeal on December 7, 2017, per the prisoner mailbox rule.[3] The PCRA court ordered Appellant on December 21, 2017, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); following an extension, Appellant timely complied on January 31, 2018, per the prisoner mailbox rule.

Appellant raises the following issues for our review:

WHETHER THE PCRA COURT ERRED IN DETERMINING THAT

_____

[2] *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998).

[3] Appellant's notice of appeal was postmarked December 7, 2017. *See Commonwealth v. Chambers*, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

APPELLANT'S ISSUE, THAT RESENTENCING COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE RESENTENCING HEARING WHEN HE FAILED TO OBJECT TO APPELLANT BEING RESENTENCED WITH AN INCORRECT PRIOR RECORD SCORE, WAS WAIVED, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION?

WHETHER THE PCRA COURT COMMITTED AN ERROR OF LAW IN DETERMINING THAT APPELLANT'S CLAIM, THAT RESENTENCING COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO OBJECT TO APPELLANT BEING SENTENCED FOR ATTEMPTED MURDER WITH SERIOUS BODILY INJURY, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WAS WAIVED?

(Appellant's Brief at ix).[4]

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101, 109 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the PCRA court's findings, if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference to the court's legal

---

[4] To the extent Appellant tries to argue ineffective assistance of PCRA counsel regarding the current petition, those claims are waived because Appellant raises them for the first time on appeal. **See** Pa.R.A.P. 302(a) (explaining general rule that issues not raised before trial court are waived and cannot be raised for first time on appeal).

conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Gonzalez***, 858 A.2d 1219 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). In general, to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Id.*** at 880. "The petitioner bears the burden of proving all three prongs of the test." ***Id.***

"A claim has arguable merit where the factual averments, if accurate, could establish cause for relief." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa.Super. 2013) (*en banc*), *appeal denied*, 625 Pa. 664, 93 A.3d 463 (2014). "[T]he ultimate question of whether facts rise to the level of arguable merit is a legal determination." ***Commonwealth v. Saranchak***, 581 Pa. 490, 511 n.14, 866 A.2d 292, 304 n.14 (2005). Regarding the second prong of the ineffectiveness test, our Supreme Court has explained:

> [W]e do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will conclude that counsel's chosen strategy lacked a reasonable basis only if [a]ppellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

*Commonwealth v. Chmiel*, 612 Pa. 333, 361-62, 30 A.3d 1111, 1127 (2011) (internal citations and quotation marks omitted). Generally, an evidentiary hearing on counsel's strategy is preferred before the PCRA court decides if counsel lacked a reasonable basis for his actions, except in those cases where the reasons for counsel's conduct are clear and apparent from the record. *Commonwealth v. Hanible*, 612 Pa. 183, 30 A.3d 426 (2011), *cert. denied*, 568 U.S. 1091, 133 S.Ct. 835, 184 L.Ed.2d 662 (2013). With respect to the prejudice prong, "a reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Ali*, 608 Pa. 71, 86-87, 10 A.3d 282, 291 (2010).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (internal citations and quotation marks omitted).

Further, "to succeed on an allegation of…counsel's ineffectiveness…a post-conviction petitioner must, at a minimum, present argumentation

- 8 -

relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." ***Commonwealth v. D'Amato***, 579 Pa. 490, 500, 856 A.2d 806, 812 (2004) (internal citations omitted). "[A] petitioner does not preserve a…claim of ineffectiveness merely by focusing his attention on whether…counsel was ineffective. Rather, the petitioner must also present argument as to how the second and third prongs of the [ineffectiveness] test are met with regard to the…claim." ***Commonwealth v. Santiago***, 579 Pa. 46, 69, 855 A.2d 682, 696 (2004).

Appellant first argues resentencing counsel failed to object to the prior record score the resentencing court used to impose Appellant's new sentence. Appellant avers the PSI report incorrectly included a 2005 conviction for possession of a small amount of marijuana and applied a prior record score of "4," when the score should have been a "3." Appellant insists he informed resentencing counsel of the inaccuracy beforehand, but resentencing counsel rendered ineffectiveness assistance when he failed to object to the erroneous prior record score, without reason, which prejudiced Appellant at resentencing. Appellant submits the incorrect prior record score of "4" led to a greater sentence than a score of "3."

Appellant next argues resentencing counsel failed to protect Appellant against the imposition of an illegal sentence for attempted murder/serious bodily injury. Appellant avers his sentence of 15 to 30 years' imprisonment for attempted murder/serious bodily injury is unlawful because it exceeds the

maximum penalty of 20 years' imprisonment for the attempted murder offense generally as charged, *i.e.*, without serious bodily injury. Appellant contends he had no notice of serious bodily injury related to the attempted murder offense, which increases the statutory maximum penalty for that offense and is a fact that must be proved beyond a reasonable doubt, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Appellant asserts the Commonwealth did not charge or prosecute him with attempted murder/serious bodily injury; the trial court did not instruct the jury on serious bodily injury in relation to attempted murder; and the jury did not find any of Appellant's attempted murder convictions involved serious bodily injury. Appellant submits resentencing counsel was ineffective for failing to object to the enhanced sentence for attempted murder under these circumstances. Appellant complains the current PCRA court incorrectly deemed these claims of ineffectiveness of resentencing counsel were waived or previously litigated as Appellant could not have litigated them in any earlier proceedings. Appellant insists his first opportunity to assert resentencing counsel ineffectiveness was in the current PCRA petition. Appellant concludes this Court should reverse the PCRA court order, vacate the February 2015 judgment of sentence, and remand for resentencing. We agree.[5]

Preliminarily, to be eligible for relief under the PCRA, a petitioner must

---

[5] We reject outright the Commonwealth's contention that Appellant waived any current appellate issue as a precondition to resentencing.

plead and prove by a preponderance of the evidence: "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). The PCRA defines "previous litigation" as follows:

**§ 9544. Previous litigation and waiver**

**(a) Previous litigation.**—For purposes of this subchapter, an issue has been previously litigated if:

\* \* \*

(2) the highest appellate court in which the petitioner could have had review **as a matter of right** has ruled on the merits of the issue; or

(3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.

42 Pa.C.S.A. § 9544(a)(2-3) (emphasis added). "[A] reviewing court must consider and substantively analyze an ineffectiveness claim as a distinct legal ground for PCRA review because[,] while an ineffectiveness claim may fail for the same reasons that the underlying claim faltered on direct review, the Sixth Amendment basis for ineffectiveness claims technically creates a separate issue for review under the PCRA." ***Commonwealth v. Tedford***, 598 Pa. 639, 662, 960 A.2d 1, 14 (2008) (internal citation and quotation marks omitted).

"[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." ***Commonwealth v. Grant***, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002). Our Supreme Court has recognized two very limited exceptions to the general rule in ***Grant*** regarding when trial courts may review ineffective assistance of counsel claims: (1) in

extraordinary circumstances where claims of trial counsel's ineffectiveness are apparent from the record and immediate consideration best serves the interests of justice and/or (2) where there is good cause shown and review of the claim is preceded by a waiver of the right to seek collateral review. *Commonwealth v. Holmes*, 621 Pa. 595, 598-99, 79 A.3d 562, 563-64 (2013). Ineffectiveness claims may be raised on direct appeal only if: (1) the appellant raised his claim(s) in a post-sentence motion; (2) an evidentiary hearing was held on the claim(s); and (3) a record devoted to the claim(s) has been developed. *Commonwealth v. Leverette*, 911 A.2d 998, 1004 (Pa.Super. 2006).

Instantly, Appellant is before us on appeal from the denial of his first and timely-filed PCRA petition following resentencing. Appellant asserts resentencing counsel's ineffectiveness in both appellate issues. Appellant could not have raised these claims prior to the current PCRA petition or previously made a knowing, intelligent, and voluntary waiver of his right to claim resentencing counsel ineffectiveness in the current PCRA petition. *See Grant, supra*; *Holmes, supra*; *Leverette, supra*. To the contrary, Appellant's first opportunity to assert resentencing counsel's ineffectiveness was in the current PCRA petition. *See Grant, supra*. The PCRA court incorrectly reasoned Appellant had either waived his ineffectiveness claims or previously litigated them in earlier proceedings. To the contrary, Appellant's claims regarding resentencing counsel are distinct claims subject to

consideration and substantive analysis as discrete legal grounds for PCRA review "because the Sixth Amendment basis for ineffectiveness claims technically creates a separate issue for review under the PCRA." **See Tedford, supra**; 42 Pa.C.S.A. 9544(a)(2-3). Therefore, we conclude Appellant's claims of resentencing counsel's ineffectiveness were neither waived nor previously litigated, they were properly before the PCRA court for consideration on the merits, and they are correctly before us now on appeal.

The legality of a sentence is a question of law. **Commonwealth v. Barnes**, 167 A.3d 110, 116 (Pa.Super. 2017) (*en banc*). Thus, our standard of review is *de novo* and our scope of review is plenary. **Id.** This Court has observed:

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

**Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa.Super. 2013) (internal citations and quotation marks omitted).

Pennsylvania Rule of Criminal Procedure 560 describes the content of a criminal information and requires "a plain and concise statement of the essential elements of the offense substantially the same as **or cognate to** the offense alleged in the complaint." Pa.R.Crim.P. 560(B)(5) (emphasis added).

- 13 -

> [Informations] must be read in a common sense manner
> and are not to be construed in an overly technical sense.
> The purpose of the [information] is to provide the accused
> with sufficient notice to prepare a defense, and to [ensure]
> that he will not be tried twice for the same act.

*Commonwealth v. Ohle*, 503 Pa. 566, 588, 470 A.2d 61, 73 (1983) (internal citations and quotation marks omitted). "A criminal information is not constitutionally infirm if it notified the defendant of the crime with which he is charged." *Commonwealth v. Jones*, 590 Pa. 202, 237, 912 A.2d 268, 289 (2006). "Variations between allegations and proof at trial are not fatal unless a defendant could be misled at trial, prejudicially surprised in efforts to prepare a defense, precluded from anticipating the prosecution's proof, or otherwise impaired with respect to a substantial right." *Commonwealth v. Kelly*, 487 Pa. 174, 178, 409 A.2d 21, 23 (1979). *Accord Ohle, supra* at 589, 470 A.2d at 73; *Commonwealth v. Zullinger*, 676 A.2d 687, 689 (Pa.Super. 1996).

A defendant can be convicted of an uncharged lesser-included offense if the defendant had "fair notice and an opportunity to present an adequate defense." *Commonwealth v. Houck*, 102 A.3d 443, 450 (Pa.Super. 2014) (citing *Commonwealth v. Pemberth*, 489 A.2d 235, 237 (Pa.Super. 1985)). "This end has frequently been achieved in one of two ways: either the Commonwealth will give an accused express notice by charging him with the less culpable offense or it will give him implicit notice through the information where the proven, but uncharged crime is a lesser-included offense of the

charged, but unproven, offense." ***Houck, supra*** at 450.

The Pennsylvania Consolidated Statutes define the sentence for attempted murder as follows:

> **§ 1102. Sentence for murder, murder of unborn child and murder of law enforcement officer**
>
> \* \* \*
>
> **(c) Attempt, solicitation and conspiracy.—** Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S.A. § 1102(c). In other words, "Section 1102(c) imposes a condition precedent to the imposition of a maximum term of imprisonment of up to 40 years, specifically, that 'serious bodily injury' must have resulted from the attempted murder. Otherwise, the sentence shall be not more than 20 years." ***Barnes, supra*** at 117 (quoting ***Commonwealth v. Johnson***, 910 A.2d 60, 66 (Pa.Super. 2006), *appeal denied*, 592 Pa. 766, 923 A.2d 1173 (2007) (stating jury has sole responsibility to find beyond reasonable doubt whether serious bodily injury resulted from attempted murder offense)). Further, "any finding by the jury of serious bodily injury for aggravated assault could not be used to infer that the jury found serious bodily injury for the attempted murder charge." ***Barnes, supra*** at 119. The Commonwealth must give the

defendant notice that it intends to prosecute and prove serious bodily injury specifically related to the attempted murder charge before the 40-year maximum sentence for attempted murder/serious bodily injury can apply. *Commonwealth v. Bickerstaff*, ___ A.3d ___, 2019 PA Super 51 (filed February 22, 2019).

Instantly, the Commonwealth charged Appellant with attempted murder generally and did not include in the criminal complaint or information the element of serious bodily injury in relation to attempted murder. The Commonwealth also failed to put Appellant on notice that the Commonwealth intended to prosecute and prove attempted murder/serious bodily injury at trial. The Commonwealth did not prosecute Appellant for attempted murder/serious bodily injury. Rather, the parties stipulated that Mr. Rivera's injury constituted serious bodily injury "as will be defined to the jury in the [c]ourt's instructions at the end of this case." (N.T. Trial, 7/12/06, at 108). The court, however, did not instruct the jury on serious bodily injury related to any of the attempted murder charges. Instead, the court gave the jury an instruction on serious bodily injury only in conjunction with aggravated assault. Furthermore, the verdict sheet did not refer to serious bodily injury at all; it included only the charges and Victims associated with each charge. After the jury convicted Appellant of two counts of attempted murder, the original sentencing court sentenced Appellant on one count of attempted murder to an enhanced sentence of 15 to 30 years' incarceration. The

resentencing court again imposed the enhanced sentence of 15 to 30 years' on the one count of attempted murder.

Under these circumstances, the parties' stipulation at trial did not put Appellant on notice to defend against attempted murder/serious bodily injury or that he would be exposed to an enhanced sentence for attempted murder/serious bodily injury. *See Barnes, supra*; *Bickerstaff, supra*. Appellant's lack of notice and resultant inability to defend is apparent on the face of the record, and resentencing counsel should have brought this illegal sentence to the attention of the resentencing court and/or objected when the resentencing court re-imposed the enhanced sentence of 15 to 30 years' incarceration for attempted murder. Resentencing counsel had no rational basis for failing to raise a challenge to the illegal sentence, given the lack of notice. Further, resentencing counsel's failure to object at resentencing prejudiced Appellant, because it left Appellant exposed to an enhanced maximum sentence for that offense, which he received in violation of *Apprendi, supra*, instead of the 20-year maximum for attempted murder generally. Thus, we conclude resentencing counsel was ineffective for failing to protect Appellant from the illegal sentence enhancement he received for attempted murder/serious bodily injury. *See Turetsky, supra*.

Appellant's remaining issue concerning the calculation of his prior record score implicates the discretionary aspects of sentence. *See Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003) (holding contention trial court

miscalculated prior record score raises substantial question as to discretionary aspects of sentencing); *Commonwealth v. Medley*, 725 A.2d 1225 (Pa.Super. 1999), *appeal denied*, 561 Pa. 672, 749 A.2d 428 (2000) (finding appellant raised substantial question where appellant alleged trial court miscalculated prior record score). Additionally, in the context an ineffectiveness claim, "if the court **purports** to sentence consistently with the guidelines, but applies the guidelines erroneously, the defendant obviously has been prejudiced." *Commonwealth v. Dickerson*, 590 A.2d 766, 773 (Pa.Super. 1991), *affirmed*, 533 Pa. 294, 621 A.2d 990 (1993) (emphasis in original).

Instantly, the resentencing court reviewed the original PSI report, with minor unrelated revision, and relied on it to impose Appellant's new sentence. At resentencing, counsel did not challenge the PSI report, the accuracy of Appellant's criminal history, or the purportedly incorrect prior record score.

During the current PCRA proceedings, Appellant appeared before the same jurist who had resentenced Appellant in 2015. Although Appellant raised in his current PCRA petition the ineffectiveness claims regarding resentencing counsel, and the court conducted a hearing, the court heard only argument at the hearing. The PCRA court denied Appellant's ineffectiveness claim on the grounds that: (1) several appellate courts and a PCRA court previously deemed Appellant's sentence, and implicitly the prior record score, proper; (2) Appellant failed to demonstrate what his sentence would have been if the

resentencing court had applied the allegedly correct record score; and (3) resentencing counsel did not object to the resentencing court's application of the prior record score of "4."

Here, the record establishes the resentencing court intended to resentence Appellant consistent with the sentencing guidelines. Thus, Appellant suffered prejudice if the resentencing court relied upon an inaccurate prior record score. ***See Turetsky, supra***; ***Dickerson, supra***. The PCRA court, however, did not review the accuracy of the prior record score or resentencing counsel's basis for failing to challenge the prior record score at resentencing. Therefore, the record is insufficient for us to determine whether Appellant has satisfied the arguable merit and reasonable basis prongs of the ineffective assistance of counsel test related to Appellant's prior record score. ***See Turetsky, supra***. Consequently, a remand is necessary to evaluate evidence regarding the accuracy of Appellant's prior record score. ***See Commonwealth v. Kenney***, 557 Pa. 195, 202-03, 732 A.2d 1161, 1165 (1999) (holding Superior Court has no original jurisdiction in PCRA proceedings; if record is insufficient to adjudicate allegations, case should be remanded for further inquiry).

In light of the foregoing, the best resolution of this case is to reverse, vacate and remand for resentencing. ***See Infante, supra***; ***Conway, supra***. On remand, the court shall verify Appellant's prior record score before imposing a new sentence. Accordingly, we reverse the PCRA court order,

vacate the February 2015 judgment of sentence, and remand for verification of Appellant's prior record score and resentencing without the enhancement on the attempted murder conviction.

Order reversed; judgment of sentence vacated; case remanded with instructions for resentencing. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/19